J-S50019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM BREEDEN | : | |
| | : | |
| Appellant | : | No. 715 EDA 2020 |

Appeal from the PCRA Order Entered February 5, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009137-2007

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                         **FILED APRIL 27, 2021**

Appellant, William Breeden, appeals from the order denying his serial
petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.
§§ 9541-9546.  We affirm.

On December 12, 2006, Appellant and his co-conspirator, Brian "Dutch"
Burns, robbed Azeem Jordan and Anthony DeShields.  During the incident,
Dutch shot and killed Mr. Jordan.  On May 15, 2008, at the conclusion of a
nonjury trial, Appellant was convicted of second-degree murder, robbery,
conspiracy, and possession of an instrument of crime ("PIC").[1]  The trial court
sentenced Appellant to serve a term of life imprisonment for the second-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(b), 3701(a)(1)(ii), 903(a)(1), and 907(a), respectively.

degree murder conviction, concurrent terms of incarceration of ten to twenty years for the robbery and conspiracy convictions, and a concurrent term of incarceration of two and one-half to five years for the conviction of PIC. On June 25, 2010, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on December 1, 2010. *Commonwealth v. Breeden*, 4 A.3d 699, 1592 EDA 2008 (Pa. Super. filed June 25, 2010) (unpublished memorandum), *appeal denied*, 13 A.3d 474 (Pa. 2010).

Appellant filed a timely PCRA petition on August 22, 2011. The PCRA court dismissed the petition on March 1, 2013. On January 23, 2014, this Court affirmed the PCRA court order, and our Supreme Court denied Appellant's petition for allowance of appeal on June 20, 2014. *Commonwealth v. Breeden*, 96 A.3d 1090, 694 EDA 2013 (Pa. Super. filed January 23, 2014) (unpublished memorandum), *appeal denied*, 94 A.3d 1007 (Pa. 2010).

Appellant filed his second PCRA petition on January 5, 2016. On April 5, 2017, the PCRA court dismissed the petition. On April 12, 2017, Appellant received an affidavit from Mr. DeShields, in which the affiant recanted his identification of Appellant. On April 20, 2017, Appellant filed a timely notice

of appeal from the PCRA court's order disposing of his second PCRA petition.[2]

This Court affirmed the PCRA court's decision on October 23, 2018. **Commonwealth v. Breeden**, 200 A.3d 598, 555 EDA 2018 (Pa. Super. filed October 23, 2018) (unpublished memorandum).

On April 3, 2019, Appellant filed the instant PCRA petition. The PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss on December 5, 2019. Appellant filed a response in opposition to the PCRA court's notice. On February 5, 2020, the PCRA court dismissed Appellant's petition. This timely appeal followed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. On February 26, 2020, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues for our review:

1. Did the PCRA court abuse its discretion in dismissing [Appellant's] claim without [an] evidentiary hearing where he properly pled and proved he was entitled to relief based on newly and after discovered evidence of [Mr.] DeShields's recantation and statement?

2. Did the PCRA court abuse its discretion in dismissing [Appellant's] claim as time-barred where he raised prior appellate counsel's ineffectiveness for failing to raise and preserve his meritorious claim?

Appellant's Brief at 2.

_____

[2] During the pendency of the appeal, Appellant filed, *pro se*, a third PCRA petition, and counsel filed an amended petition. Due to the pending appeal, the PCRA court dismissed that petition for lack of jurisdiction.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013).

Our review of the record reflects that Appellant's judgment of sentence was affirmed by this Court on June 25, 2010, and our Supreme Court denied Appellant's petition for allowance of appeal on December 1, 2010. **Breeden**,

1592 EDA 2008, 4 A.3d 699 (Pa. Super. filed June 25, 2010) (unpublished memorandum), *appeal denied*, 13 A.3d 474 (Pa. 2010). Appellant did not file a petition for *writ of certiorari* with the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on March 1, 2011, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct.R. 13. Thus, the instant PCRA petition, filed on April 3, 2019, is patently untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] If a petitioner asserts one of these exceptions, he must file his

---

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

petition within one year of the date that the exception could be asserted.[4]  42 Pa.C.S. § 9545(b)(2).

The exception to the one-year time bar claimed in Appellant's PCRA petition is that the facts upon which the claim were based were unknown to Appellant, pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).  In his PCRA petition, Appellant makes the following averments:

> 36. In the instant matter, [Appellant] avers that he meets an exception to the timeliness requirement based on newly discovered evidence.
>
> 37. When [Appellant] received Mr. DeShields' statement on April 12, 2017, his second PCRA was pending appeal.  The Superior Court affirmed dismissal of [Appellant's] second PCRA [on] October 23, 2018.  …

PCRA Petition, 1/31/19, at 5-6.

---

> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[4]  On October 24, 2018, the General Assembly amended section 9545(b)(2), extending the time for filing a petition from sixty days to one year from the date the claim could have been presented.  2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018.  The amendment applies to claims arising one year before the effective date of this section, which is December 24, 2017, or thereafter.  Here, as discussed *infra*, because Appellant had a pending appeal of a prior PCRA petition, we apply the one-year requirement under the amendment.

As previously noted, Appellant must file a PCRA petition raising a newly discovered evidence within one year of the date that the claim could have been presented, *i.e.*, within one year from the date of this Court's disposition of Appellant's pending appeal. In **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000), our Supreme Court established the following procedural rule governing serial PCRA petitions:

> When an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petition must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S.A 9545(b)(1) applies. **The subsequent petition must also be filed within [one year] of the date of the order which finally resolves the previous petition, because this is the first "date the claim could have been presented."** 42 Pa.C.S.A. § 9545(b)(2).

**Lark**, 746 A.2d at 588 (emphasis added).

The Court in **Lark** explained that the appellant could not have filed his second PCRA petition in the court of common pleas while the appeal from the dismissal of his first PCRA petition remained pending before the Supreme Court. **Lark**, 746 A.2d at 588. Instantly, Appellant had one year after the appeal of his second PCRA petition's dismissal.

Our review reflects that this Court affirmed the PCRA court's dismissal of Appellant's second PCRA petition on October 23, 2018. Accordingly, Appellant had until October 23, 2019, to file a PCRA petition invoking an exception to the timeliness requirements. Appellant filed the instant PCRA

petition on April 3, 2019. Thus, Appellant met the one-year time limit with regard to an exception raising newly discovered evidence. However, we conclude that no relief is due.

To qualify for an exception to the PCRA's time limitations under Subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). Our Supreme Court has articulated that due diligence "does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." *Commonwealth v. Cox*, 146 A.3d 221, 230 (Pa. 2016) (citation and quotation marks omitted).

We observe that Appellant failed to establish that he exercised due diligence by putting forth effort to obtain this information in the form of an affidavit from Mr. DeShields. The PCRA court offered the following apt discussion regarding Appellant's lack of due diligence:

> Instantly, the record indicates that [A]ppellant knew of Mr. DeShields after he was charged and when he was tried because DeShields' name was mentioned in discovery materials and during the trial. In fact, his proposed testimony was introduced by way

of a stipulation. (N.T. 5/15/18). Therefore, [A]ppellant could have sought out Mr. DeShields at any time during the many years between his conviction and the date on which Mr. DeShields provided the affidavit and obtained the information contained in his affidavit. For this reason, this [c]ourt determined that [A]ppellant's petition was not timely filed. It is submitted that no error occurred in so finding.

PCRA Court Opinion, 2/26/20, at 7-8. In addition to the relevant point made by the PCRA court, we further note that Mr. DeShields attested to the following in his affidavit:

At no time was I ever contacted by an Attorney, an Investigator or anyone advising that they were working for the defense for a man by the name of [Appellant] until recently.

DeShields' Affidavit, 4/12/17, at 1 ¶4. Accordingly, because Appellant knew of the existence of Mr. DeShields from the time of his trial, and because Appellant took no steps in the intervening years prior to Mr. DeShields submitting his affidavit, Appellant cannot establish that he exercised due diligence. Hence, the attempt to invoke the second exception fails.

In his second issue, Appellant argues that the PCRA court abused its discretion in dismissing the petition as time-barred. Appellant's Brief at 21-27. He contends that he presented a meritorious claim that prior PCRA counsel was ineffective for failing to raise an allegation of trial counsel's alleged ineffective assistance. However, Appellant concedes that this claim has been untimely raised. Specifically, Appellant states the following:

[Appellant] avers that he is entitled to relief … because his prior [PCRA] counsel, Ms. Smarro, failed to raise in his first timely PCRA that [trial counsel,] Mr. Laver[,] was ineffective for failing to

argue [Appellant's] confession was involuntary at trial, causing [Appellant's] meritorious ineffectiveness claim to be waived.

[Appellant's] claim of Ms. Smarro's ineffectiveness is untimely. See RR067-68. Ms. Smarro represented [Appellant] during his first PCRA, where his claim of Mr. Laver's ineffectiveness would have been properly raised. [Appellant's] first PCRA was denied, [Appellant] appealed, and the Superior Court affirmed [Appellant's] judgement of sentence on January 23, 2014. [Appellant's] judgement of sentence became final after 30-days, on February 24, 2014. [Appellant] had 1–year from that date to timely raise his claim of Ms. Smarro's ineffectiveness. [Appellant] did not do so. [Appellant's] claim does not meet any exceptions to the PCRA's time-bar. Thus, [Appellant's] claim of ineffectiveness is untimely, however, but for the procedural bar, [Appellant] would be entitled to relief

Appellant's Brief at 21 (footnote omitted). We agree that this claim was not timely raised.

Moreover, to the extent Appellant contends that the untimeliness of the instant PCRA petition should be excused due to the ineffective assistance of his prior PCRA counsel, we observe that such relief is impermissible. As our Supreme Court has explained:

It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. *See Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911, 915-16 (2000) (holding a petitioner's claim in a second PCRA petition, that all prior counsel rendered ineffective assistance, did not invoke timeliness exception, as "government officials" did not include defense counsel); *see also Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780, 785-86 (2000) (finding that the "fact" that current counsel discovered prior PCRA counsel failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence exception to time-bar); *Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585, 589 (2000) (holding that allegation of ineffectiveness is not sufficient justification to overcome otherwise untimely PCRA claims).

***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005). Accordingly, Appellant's claim of prior PCRA counsel's ineffective assistance does not provide him relief of his untimely filing of the instant PCRA petition. Therefore, the instant PCRA petition remains time-barred.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2021